UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAWLUDDIN TOKHI,

                   Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

                  Respondents.

Case No.:  3:26-cv-0803-CAB-VET

**JUDGMENT AND ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Mawluddin Tokhi ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims that Immigration and Customs Enforcement ("ICE") improperly re-detained him on January 23, 2026 without notice. [*Id.* at 6.] For the reasons discussed below, the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to his re-detention on January 23, 2026.

///

///

///

///

1

3:26-cv-0803-CAB-VET

## I.    BACKGROUND

Petitioner is an Afghan national who entered the United States on or about August 29, 2023 to seek asylum.  [*Id.* at 5.]  He was detained by Immigration and Customs Enforcement ("ICE") and released shortly thereafter, on or about September 2, 2023, and placed in removal proceedings.  [*Id*. at 5–6.]  On February 8, 2024 an immigration judge dismissed the proceedings against him, terminating his removal proceedings.  [*Id*. at 6.]  Petitioner received employment authorization in October of 2024 and has been continuously working pending the adjudication of his asylum application.  [*Id.*]  He claims that on January 23, 2026 he was forcibly removed from his car, arrested, and detained by ICE agents.  [*Id*.]

Respondents do not contest any of Petitioner's asserted facts.  [*See generally* Doc. No. 4.]  Instead, Respondents incorporate by reference arguments[1] made in similar cases regarding the government's authority for mandatory detention under § 1225(b), none of which address Petitioner's Fifth Amendment claim related to his re-detention.  [*Id.* at 3.]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

///

///

///

---

[1] The Court notes that generally, courts do not allow incorporation by reference of arguments or "substantive materials" not contained within the relevant motions' briefs. *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022).

## III.    DISCUSSION

Petitioner argues that he has a protected liberty interest in his prior release, which Respondents violated when they re-detained him on January 23, 2026.  [Petition at 16–18.]  Respondents do not address this argument at all.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  This protection applies to noncitizens as it does to U.S. citizens.  *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").  Moreover, noncitizens seeking asylum are guaranteed due process under the Fifth Amendment throughout the asylum process.  *Reno v. Flores*, 507 U.S. 292, 306 (1993).

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]"  *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases).  Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149 (S.D. Cal. Oct. 1, 2025), the government violated a noncitizen parolee's Fifth Amendment due process rights when the government revoked his parole by sending a mass electronic notification one morning and arresting him later that day at his immigration hearing.  *Id.* at *2, 11.  The *Noori* court thus held that he had a "protectable expectation of his due process rights in his removal proceedings . . . and was entitled to both notification of revocation and the

3

3:26-cv-0803-CAB-VET

reasoning for revocation, if not also an opportunity to be heard and contest the determination." *Id.* at *11.

Here, Petitioner received even less due process than the *Noori* petitioner. Petitioner received no notification or individualized reason as to why his release was being revoked before he was summarily detained on January 23, 2026. Nor have Respondents explained, even after the fact, what circumstances have changed to warrant Petitioner's re-detention. Giving Petitioner a bond hearing now would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention on January 23, 2026. The Court additionally **ORDERS** Respondents to immediately return Petitioner's belongings, including his identification documents.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: February 19, 2026

Hon. Cathy Ann Bencivengo
United States District Judge